CHEHARDY, Judge.
Defendant, New Orleans City Park Improvement Association (City Park), appeals a trial court judgment in favor of plaintiffs, Mary Brupbacher, wife of/and Brian Barker, declaring City Park’s lease agreement with Crescent Riding Academy to be null and void and of no effect. The judgment further decreed that an injunction issue restraining and enjoining City Park, and its officers and agents, from leasing the premises known as City Park Horse Barn and Riding Facilities, and from allowing any person, firm or corporation to occupy said premises without first complying with the State statute regarding the leasing of public lands following advertisement and public bidding.
In December of 1960 defendant entered into a lease with Crescent Riding Academy for a term of ten years, after submitting the lease to public bidding. In January of 1971 defendant extended the lease with Crescent for a term of seven years. In December of 1977, defendant once again extended the lease in favor of Crescent for a period of five years, to terminate in December of 1982.
Defendant now argues that the final lease is valid because LSA-R.S. 41:1217(A) allows such an extension of the lease without the necessity of public bidding due to the fact that the lessee placed $2,000 worth of permanent improvements on the premises.
LSA-R.S. 41:1217(A) states in part:
“All leases executed under the provisions of this Part shall be for a period not exceeding ten years and shall provide for consideration to be paid as a cash rental of not less than one dollar per acre, which shall be payable in cash annually and in advance, or if the land is leased for the agricultural purpose of planting, growing, cultivating and harvesting any agricultural crop the consideration shall be so paid in cash or on a share basis at the option of the lessor; provided, however, that any person who leases such land and who, within the ten year term of the lease, or any person who holds a ten-year lease in full force as of the date of passage of this Act, adds or contracts for permanent improvements to be constructed or placed on or made to the land in the amount of not less than two thousand dollars may, upon written modification to the lessor and upon a proper showing that such improvements have in fact been made or contracted for, lease such lands for an additional period of not more than ten years, the payment of rentals therefor to be made as hereinabove stated. * * * ” (Emphasis ours.)
Our interpretation of LSA-R.S. 41:1217 is that public land can be leased for a total of ten years; however, if the lessee has constructed a minimum of $2,000 worth of permanent improvements on the property an extension can be granted for a period of up to ten years. We do not interpret the statute, however, to declare that further extensions can be granted in addition to any extensions which total ten years.
In the present case, City Park granted a lease extension to Crescent Riding Academy for a total of seven years in January of 1971. The lease of December, 1977, therefore, granting a further extension of five years clearly exceeded the limits of LSA-R.S. 41:1217(A) by two years and was, for that reason, null and void.
For the reasons assigned, the district court judgment is affirmed.
AFFIRMED.
STOULIG, J., concurs with written reasons.